Dear Mr. Bailey:
You have requested an opinion of the Attorney General regarding Recreation District No. 22 (the "District") which was created in 1964 in the Parish of LaSalle (the "Parish"). You advise that in 1992 there was an election to levy a 3.27 mills ad valorem tax for ten (10) years, beginning with the year 1994, for the purpose of equipping, maintaining and operating the recreational facilities of the District. You further advise that persons located outside the geographical boundaries of the District were permitted to vote on said tax. Consequently, these individuals have been paying the tax since 1994. You specifically ask whether taxpayers living outside the district should be paying the tax and, if not, what procedures are available to effect a refund.
In Attorney General Opinion No. 96-253, this office concluded that only those persons who are qualified electors of a local taxing district are eligible to vote on a tax. Thus, taxpayers outside of the District have been paying the tax erroneously.
In answer to your second question, I refer you to R.S. 47:2108.1, a copy of which is enclosed for your reference and convenience. A review of this provision indicates that the affected taxpayers should present their claims to the Louisiana Tax Commission (the "Commission") within three (3) years of the date of the erroneous payment(s) on such forms and with such proofs as the Commission may require.
Accordingly, we recommend that you refer the taxpayers in question to the Commission. As per our telephone conversation, we recommend that these taxpayers be notified immediately so that all taxes erroneously paid can be recovered.
Trusting that this is dispositive of your question, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob III/cla
cc: Hon. Jimmy D. Dean LaSalle Parish Assessor
2108.1. Refund of taxes erroneously paid; political subdivisions
A. Any person who has a claim against a political subdivision for ad valorem taxes erroneously paid into the funds of that political subdivision may present such claim to the Louisiana Tax Commission within one year of the date of such payment, in such form and together with such proofs as the tax commission may require by its rules and regulations. The tax commission shall consult with the assessor of the parish in which the property which is the subject of the claim is located and, after that assessor advises the tax commission that a refund is due the claimant, the tax commission shall duly examine the merits and correctness of each such claim presented to it, and shall make a determination thereon within thirty days of receipt of the claim. The tax commission is hereby empowered with all authority to conduct such examination and investigation as it may deem necessary to determine the correctness of any claim presented as is conferred in R.S. 47:2108 (B), relative to such claims against the state.
B. If the claim is approved, the tax commission shall authorize and direct the collector, when applicable, to correct the assessment on the roll on file in his office and shall authorize and direct, when applicable, the recorder of mortgages to change the inscription of the tax mortgage. The tax commission shall also authorize and direct the refund and repayment of those taxes found to be erroneously paid as provided in this Section. Provided that where the claim accrues to more than one person, as for example, the heirs and legatees of another, and the claim is determined by the tax commission to be properly due and owed, payment thereof to the party or parties asserting the same shall not be denied because of the failure or refusal of others to join in and assert the claim, but in such event only the portion due such claimant or claimants shall be paid.
C. The collector of ad valorem taxes in each parish shall, upon receipt of notice from the tax commission that a particular refund or repayment is owed shall do one of the following:
(1) If the claim is made for taxes erroneously paid on property which is or could be homestead exempt, the collector shall immediately notify the affected tax recipient bodies to remit to him within thirty days their pro rata share of the refund or repayment. Upon receipt of those funds from the tax-recipient bodies, the collector shall have an additional thirty days to remit the payment in full to the taxpayer. Failure by any tax recipient body or the collector to timely remit such monies shall cause interest at the legal rate to accrue in favor of the taxpayer to be paid by the political subdivision failing to so timely remit; or
(2) If the claim is made for taxes erroneously paid on property which would not qualify for a homestead exemption, the collector shall note and record the amount of the refund or repayment owed and shall have full responsibility to insure that such amount shall operate as a credit against future ad valorem tax liability of that property. No ad valorem taxes shall be due or collected on such property until such time as the collector certifies that a sufficient amount of taxes assessed have been waived to satisfy the refund or repayment ordered by the tax commission. No interest shall accrue or be due on any such refund or repayment; or
(3) If the claim is made in a parish which has established an alternative procedure for providing for refunds of ad valorem taxes erroneously paid as authorized by this Section, and if that alternative procedure has been submitted to and approved by the tax commission, such procedure may be utilized in lieu of the provisions of Paragraphs (1) and (2) herein.
D. An action of the assessor or of the tax commission rejecting or refusing to approve any claim made under the provisions of this Section may be appealed to the district court having prior jurisdiction where the property which is the subject of the claim is located by means of ordinary proceedings